IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION

FRIENDS OF THE FLORIDA TRAIL, INC.,
a Florida Not-for-Profit Corporation,

    Plaintiff,

v.                                                                                  CASE NO.:  4:20cv_____ - ____/____

SHAWN THOMAS, in his official capacity
as the Florida National Scenic Trail Administrator;
KEN ARNEY, in his official capacity as Regional
Forester, for the U. S. Forest Service, Southern Region;
VICKI CHRISTIANSEN, in her official
capacity as Chief of the U.S. Forest Service;
THE UNITED STATES FOREST SERVICE,
a federal agency; and THE UNITED STATES
DEPARTMENT OF AGRICULTURE, a federal
department,

    Defendants.
_____/

**COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF**

INTRODUCTION

1. Plaintiff, the Friends of the Florida Trail, Inc. (the "Friends"), bring this civil action for declaratory and injunctive relief against defendants (collectively, "the U.S. Forest Service" or "the Service") pursuant to the Administrative Procedure Act ("APA"), 5 U.S.C. §§ 701, *et seq*., for violations of the National Environmental Policy Act ("NEPA"), 42 U.S.C. §§ 4321, *et seq*. and the National Trails Systems Act, 16 U.S.C. § 1246(b).

2. The Florida National Scenic Trail ("FNST" or "the Trail") is a 1,400-mile foot trail that leads from Florida's Panhandle in the extreme northwest of the state to the Big Cypress National Preserve in the extreme south. Designated by Congress in 1983 as the eighth national scenic trail

1

in the United States, the Trail is currently one of only 11 national scenic trails, and is the only such trail that traverses tropical and temperate ecosystems. The Trail is also Florida's official state trail, and Florida has designated it the State's "Millenium Legacy Trail." The Friends' President, James Kern, first envisioned the Trail in the 1960's. He founded the Florida Trail Association, and he has been instrumental in building, maintaining, and championing the Trail for over 50 years.

3. Until July 2015, when it was closed to hikers after 32 years of use, the original segment of the Trail in Florida's Big Bend area that naturally connected the Suwanee River, at the Twin Rivers State Forest, with the Aucilla River, at the Aucilla National Wildlife Refuge, was known as the Foley or Foley/Wachovia Section, and traversed lands owned by commercial paper companies. Still, these lands were, according to the Florida Trail Manual, "very isolated, [and] actually great areas to see wildlife [along] sand roads." In December 2015, the majority of this land, comprising more than half of Taylor County, were sold. Foley Land and Timber was replaced as owner by Four Rivers Land and Timber. As a result of the Trail closure through the former Foley property, a new 50-mile reroute was quickly fashioned, and is the segment currently used by hikers. This initial reroute is now identified by the Forest Service as "Alternative A." In the major federal action being challenged, however, the Forest Service has arbitrarily and capriciously rejected "Alternative A," instead adopting a major relocation for this second reroute, which the Forest Service describes as "Alternative C." "Alternative C" is the major federal action the Friends now challenge. In addition to arbitrarily and capriciously rejecting "Alternative A," the Forest Service so rejected the original route of this segment, which was used by the public from 1983-2015. The Forest Service summarily rejected this original route as "not a viable option," offering no justification or analysis supporting this conclusory finding.

4. On July 24, 2020, the United States Forest Service performed a major federal action under NEPA by deciding to replace the approximately 50-mile segment of the Trail identified as "Alternative A" - that connected the Suwanee River, at the Twin Rivers State Forest, with the Aucilla River, at the Aucilla National Wildlife Refuge - with a 90-mile segment that lies outside the approved and natural Trail corridor. The Forest Service deems this major federal action the

2

"Big Bend Reroute of the Florida National Scenic Trail" (hereinafter, the "Big Bend Reroute"). The "Big Bend Reroute" is a substantial relocation of the Trail, as defined by the National Trails Systems Act, 16 U.S.C. § 1246(b).

5. The Friends challenge the Service's: (a) decision to reroute the Florida National Scenic Trail by virtue of the federal action known as the "Big Bend Reroute"; (b) decision to forgo both an Environmental Impact Statement ("EIS") and Environmental Assessment ("EA"), and instead proceed with a Categorical Exclusion ("CE") to NEPA; and (c) decision to apply a CE that is patently inapplicable to a greater than 90-mile reroute of the Trail.

## JURISDICTION AND VENUE

6. This Court has jurisdiction pursuant to 28 U.S.C. § 1331 and 5 U.S.C. § 704.

7. Venue is proper in this Court pursuant to 28 U.S.C. § 1391(b)(2) & (e), as well as Local Rule 3.1(A)(3).

8. The Friends have exhausted all available administrative remedies. Plaintiff has Article II standing to pursue this civil action.

9. There is a present and actual case and controversy between the parties.

10. This matter is ripe for judicial review.

11. Final agency action subject to judicial review exists pursuant to 5 U.S.C. §§ 702, 704, and 706.

12. This Court has authority to issue the declaratory and injunctive relief requested by the Friends under 28 U.S.C. §§ 2201 & 2202, and 5 U.S.C. §§ 702 & 706.

## PARTIES

13. Plaintiff Friends of the Florida Trail, Inc., is an organization dedicated to protecting and improving the Florida National Scenic Trail, and is dedicated to ensuring that the Florida National Scenic Trail, as developed, protected, and improved, complies with all objectives of the

enabling legislation and continues to be a treasured resource for all its users.

14.  Plaintiff Friends of the Florida Trail, Inc., through its members, use the Florida National Scenic Trail for recreational purposes. The Friends use the Trail ranging from day hikes to 1,400 mile through-hikes along the entire length of the Trail. The Friends routinely use and visit the Trail and have specific plans to return to the Trail to hike, enjoy nature, and otherwise take advantage of all the Trail's multiple and varied benefits as a natural resource.  The Friends use the Trail in accordance with the U.S. Forest Services' maps and Trail blazes. The Friends routinely contact Service personnel about using the Trail. The Friends, through its members, also volunteer their time and energy, assist in trail maintenance efforts, and work with the Forest Service to improve public access to the public Trail, and intend to continue this work in the near and distant future.

15. The Friends are committed to ensuring the Forest Service complies with its own directives and policies and properly manages, maintain, and protects the Trail and public use of it, whether for daily use or for use as extended through-hikes. The Friends are committed to ensuring the Forest Service complies with all requirements of NEPA and other federal statutes.  The Friends are committed to ensuring the Forest Service takes a hard look at the environmental consequences of its decisions and explores a reasonable range of alternatives, as required by NEPA.

16. The Friends' interests in using and accessing the Trail will be adversely affected by the Service's actions and planned future actions as described in this complaint.

17. The Friends have, among other interests, aesthetic, recreational, and personal interests in the use of the Trail as it is currently aligned, and in ensuring public access to the Trail as it is currently aligned. The Friends have an interest in ensuring that federal agencies and their public employees comply with their own directives, policies, and plans, and take a "hard look" under NEPA at all impacts and alternatives to major federal actions before making important and significant decisions that affect public resources.

18. The Friends are adversely affected by the Forest Service's actions and planned actions, especially in the absence of full NEPA compliance. The Friends have also suffered procedural

4

injury by the Forest Service's failure to comply with NEPA.

19. If this Court issues the relief requested, the harms to the Friends' interests will be alleviated and/or lessened. Thus, the Friends' injuries are legally redressible by judicial intervention.

20. Defendant Shawn Thomas is sued in his official capacity as the Florida National Scenic Trail Administrator for the Forest Service. Mr. Thomas is the agency official responsible for the actions and proposed actions challenged in this complaint.

21. Defendant Ken Arney is sued in his official capacity as the Regional Forester for the U.S. Forest Service, Southern Region. As Regional Forester, Mr. Arney is the agency official responsible for the actions and planned actions challenged in this complaint, and Mr. Arney is the agency official who authored the NEPA Decision Memo concluding that the federal action involved in the Big Bend Reroute of the Florida National Scenic Trail was entitled to a categorical exclusion (CE), and neither an Environmental Impact Statement (EIS) or Environmental Assessment (EA) under NEPA.

22. Defendant Vicki Christiansen is sued in her official capacity as Chief of the Forest Service. As Chief, Ms. Christiansen is the agency official responsible for the actions and planned actions challenged in this complaint.

23. Defendant United States Forest Service is a federal agency within the United States Department of Agriculture. The Service is responsible for the actions and planned actions challenged in this complaint. The Service has overall administrative responsibility for the Trail. The Service: certifies that all Trail segments meet standards in federal law and the Trail's comprehensive plan; manages Trail lands; and coordinates Trail planning, development, and protections with private Trail partners.

24. Defendant United States Department of Agriculture is a federal department responsible for agency actions and planned actions challenged in this complaint.

FACTS

25. In 1968, Congress passed the National Trails System Act (NTSA). 16 U.S.C. §§ 1241-1251.

26. As part of the National Trails System Act Amendments of 1983, the Florida National Scenic Trail was first designated as one of what are currently only 11 National Scenic Trails. 16 U.S.C. §1244(13). According to the statute, in pertinent part, "The Florida National Scenic Trail, a route of approximately thirteen [currently fourteen] hundred miles extending through the State of Florida as generally depicted in 'The Florida Trail,' a national scenic trail study draft report prepared by the Department of the Interior and dated February 1980." *Id*. Moreover, "No lands or interests therein outside the exterior boundaries of any federally administered area may be acquired by the Federal Government for the Florida Trail except with the consent of the owner thereof. The Secretary of Agriculture may designate lands outside of federally administered areas as segments of the trail, only upon application from the States or local governmental agencies involved, if such segments meet the criteria established in this chapter and are administered by such agencies without expense to the United States. The trail shall be administered by the Secretary of Agriculture." *Id.*

27. In the "Florida Greenways and Trails Act," Chapter 260 of the Florida Statutes, the Florida Legislature officially "recognizes the Florida National Scenic Trail as Florida's official statewide nonmotorized trail from the Florida Panhandle to the Everglades and the Florida Keys, an approximate length of more than 1,400 miles." § 260.012(6), *Fla. Stat.* Moreover, "The Legislature also recognizes the significant economic benefit of nature-based recreation and the contributions to the state's economy that arise from the creation and completion of the trail. In order to further its commitments to the residents of this state and the United States Government to complete the establishment of the trail in a permanent location, it is further the intent of the Legislature to: …(b) Officially recognize the route of the trail for establishment and acquisition purposes as determined by the U.S.D.A. Forest Service, assisted by the Florida Trail Association, in the publication entitled 'Preferred Routing for the Florida National Scenic Trail.'" § 260.012(6)(b), *Fla. Stat.*

6

28. The National Trails System Act contemplates that segments of a National Scenic Trail may be relocated. 16 U.S.C. § 1246(b). That sub-section provides that, "After publication of notice of availability of appropriate maps of descriptions in the Federal Register, the Secretary charged with the administration of a national scenic … trail may relocate segments of a national scenic… trail right-of-way, with the concurrence of the head of the Federal agency having jurisdiction over the lands involved, upon a determination that: (i) such a relocation is necessary to preserve the purposes for which the trail was established, or (ii) the relocation is necessary to promote a sound land management program in accordance with established multiple-use principles: *Provided, That a substantial relocation of the rights-of-way for such trail shall be by Act of Congress.*" *Id.* (emphasis added). The "Big Bend Reroute," by creating a new 90-mile segment of the Trail, clearly constitutes a "substantial relocation" requiring congressional, not administrative, authorization.

29. The Forest Service has issued a white paper entitled the "Florida National Scenic Trail Optimal Location Review Process Guidelines" (hereinafter "OLR Guidelines"). The document outlines the format, process, and location criteria for an Optimal Location Review (OLR) of the Florida National Scenic Trail, a process that is "critical for ensuring that the trail is located in the setting that best meets the congressional intent for a National Scenic Trail." The OLR Guidelines provided, further, that, "*Actual relocation of the FNST will require an environmental analysis,* and significant relocation proposals will require USFS Chief or Congressional approval." (Emphasis added).

30. In 1987, the Forest Service published its Florida National Scenic Trail Comprehensive Plan, which in part established a Trail Corridor within which the final routing of the trail could be planned.

31. The OLR Guidelines provide that the relocation of a portion of a national scenic trail is a federal action subject to compliance with NEPA. The Optimal Location Review process, in turn, "functions as the analysis which establishes the purpose and need to begin a NEPA analysis for relocating a segment of the FNST, [but] [t]he OLR report does not substitute for NEPA

7

compliance or legal requirements for publishing major shifts in the location of the FNST in the Federal Register."

32. In 2008, as amended in 2013, a rule promulgated by the Council for Environmental Quality established an exception to requirements of NEPA called categorical exclusions. According to 36 C.F.R. § 220.6(a), in pertinent part, "A proposed action may be categorically excluded from further analysis and documentation in an EIS or EA only if there are no extraordinary circumstances related to the proposed action *and* if: … (2) The proposed action is within a category listed in § 220.6(d) and (e)." 36 C.F.R. § 220.6(a) (emphasis added). Neither condition is met here. The "Big Bend Reroute" does constitute an extraordinary circumstance, and it is not within a category listed in 36 C.F.R. § 220.6(a).

33. According to § 220.6(e), the following actions are entitled to a categorical exclusion and only a decision memo: "(1) Construction and reconstruction of trails. Examples include, but are not limited to: (i) Constructing or reconstructing a trail to a scenic overlook, and (ii) Reconstructing an existing trail to allow use by handicapped individuals." 36 C.F.R. § 220.6(e)(1).

34. In a Decision Memo dated July 14, 2020, and published July 24, 2020, the Forest Service, in regard to the "Big Bend Reroute of the Florida National Scenic Trail," determined that its obligations under NEPA could be fully discharged in regard to a 90-mile rerouting of the Trail simply by declaring that this new relocation of the Trail was subject to the categorical exclusion of 36 C.F.R. § 220.6(e)(1).

35. In other words, the Forest Service determined that no EIS or EA was required, as a new 90-mile segment (greater than the distances from Tampa to Orlando, or from Key West to Cuba) of the Trail was analogous and equivalent to constructing a trail to a scenic overlook or reconstructing a trail to allow its use by disabled individuals.

36. The proposed reroute, according to the Decision Memo, would replace the current 50-mile segment on lands between Twin Rivers State Forest and the Aucilla River Wildlife Management Area with a new 90-mile segment that diverts the Trail dramatically south, and then

north again.

37. In addition, the proposed reroute falls far outside the generous boundaries of the Florida National Scenic Trail Comprehensive Plan Routing Corridor, and is thus inconsistent with the 1987 Forest Service Florida National Scenic Trail Comprehensive Plan.

### COUNT ONE

(Violation of NEPA and the National Trails Systems Act, Actionable Pursuant to the APA)

38. The Friends incorporate all preceding paragraphs.

39. NEPA requires the Forest Service to carefully analyze and consider the environmental impacts of (and alternatives to) its decisions before they are made and before federal actions are taken. NEPA's "purpose is not to generate paperwork – even excellent paperwork – but to foster excellent action." 40 C.F.R. § 1500.1.

40. NEPA's scoping process assists the Forest Service in determining whether the proposed action either: (1) qualifies for a categorical exclusion (CE) and the issuance of a "decision memo" pursuant to the Service's regulation and policy (Forest Service Handbook ("FSH") 1909.15); (2) qualifies for preparation of an EA (Environmental Assessment) and the issuance of a "decision notice" to carefully evaluate the "significance" of the effects of the proposed action; or (3) qualifies for preparation of a more robust Environmental Impact Statement (EIS) and issuance of a "record of decision."

41. On July 14, 2020, the Forest Service issued its Decision Memo, published on July 24, 2020, determining that the replacement of a 50-mile segment of the Trail with a new 90-mile segment of the Trail, changing the natural and obvious direction of the Trail and locating it outside the approved Trail Corridor in violation of the Forest Service's 1987 FNST Comprehensive Plain, was subject to a categorical exclusion under NEPA, and that no EIS or EA

9

was required.

42. Again, the specific categorical exclusion, 36 C.F.R. § 220.6(e)(1), is limited to construction of trails to scenic overlooks and reconstruction of trails for access by the disabled, which are obviously minimal actions to which the construction of a new 90-mile Trail cannot reasonably be compared.

43. In addition, although the Decision Memo referred in a single clause to the fact that the new Trail segment was outside the planning corridor, the Service provided no basis to defend its rejection of the requirement that the Trail remain inside the generous boundaries of the planned trail corridor.

44. In addition, the Decision Memo failed to refer in any way to the Optimal Location Review Process Guidelines.

45. Finally, the Forest Memo failed to comply with 16 U.S.C. § 1246(b), which, again, provides, "[t]hat a substantial relocation of the rights-of-way for such trail shall be by Act of Congress." The replacement of the current 50-mile segment with a wholly new 90-mile segment of the Trail is clearly a "substantial relocation."

46. The Forest Service's decision to apply a manifestly inappropriate and inapplicable CE, its failure to complete either an EIS or EA, its decision not to follow the Optimal Location Review Process Guidelines, and its decision to preempt Congress's sole authority to determine this substantial relocation of the Florida National Scenic Trail, is "arbitrary, capricious, and [an] abuse of discretion, or otherwise not in accordance with law" and/or constitutes "agency action unlawfully withheld or unreasonably delayed." 5 U.S.C. §§ 706(2)(a) and 706(1).

<u>REQUEST FOR RELIEF</u>

WHEREFORE, Plaintiff respectfully requests this Court:

A. Declare the Service has violated and continues to violate the law as alleged herein;

B. Declare the Service, unlike Congress, has no authority to reroute the Florida National Scenic Trail;

C. Set aside the Service's decision to approve the Big Bend Reroute and remand this matter back to the Service with instructions to comply with NEPA as alleged herein;

D. Declare that the Service's application of the CE listed in 36 C.F.R. § 220.6(e)(1) violates the APA;

E. Declare that Congress, not the Service, has the authority to implement the proposed relocation of the Trail pursuant to 16 U.S.C. § 1246(b), as the "Big Bend Reroute" constitutes a "substantial relocation";

F. Direct the Service to finalize all steps necessary to reestablish the previously established route from Twin Rivers State Forest to the Aucilla River Wildlife Management Area.

G. Retain continuing jurisdiction of this matter pending the Service's compliance with this Court's orders;

H. Award Plaintiff its reasonable attorneys' fees and expenses of litigation pursuant to the Equal Access to Justice Act (EAJA), 28 U.S.C. § 2412;

I. Issue any other relief that Plaintiff may subsequently request; and

J. Issue any other relief this Court deems necessary, just, or proper.

Respectfully submitted this 5th day of October, 2020.

                FARMER & FITZGERALD, P.A.

                */s/ Matthew Farmer*
                Matthew P. Farmer, Esq.
                Fla. Bar No. 0793469
                400 N. Tampa St., Suite 2840
                Tampa, Florida 33602
                (813) 228-0095
                FAX (813) 224-0269
                MattFarmer1@aol.com

                          & 

                RALF BROOKES, P.A.

                */s/ Ralf Brookes*
                Ralf Brookes, Esq.
                Fla. Bar No. 0778362
                1217 Cape Coral Parkway E. #107
                Cape Coral, FL  33904-9604
                (239) 910-5464
                ralf@ralfbrookesattorney.com


                TRIAL COUNSEL FOR PLAINTIFF